ISAAC STACHOWITZ *vs.* BARRON ANDERSON COMPANY.

Androscoggin.    Opinion October 6, 1922.

*Whether given conduct can be legally held a breach of a certain contract i. e. whether capable of being so held is a question of law.    If at the time action is brought, the plaintiff has no grievance, in that the contract has not been renounced, or all future liability under it repudiated, it is exceptionable error to hold that there was a breach, unless it appears that such error is harmless and that the excepting party must ultimately fail upon the facts admitted to be true.*

In the instant case the exceptions are to a ruling that the facts show a breach of contract by the defendant.    This court is of the opinion that the evidence is not legally capable of such construction.

On defendant's exceptions.    This is an action in covenant for breach of a contract under seal.    The contract was dated June 13, 1921, for one year, for employment of plaintiff as pressman in defend-ant's clothing factory at Lewiston, at seventy-five dollars per week. On September 5, 1921, defendant removed his factory to Boston, and on the same day, through its agent, Mr. Barron, made three proposi-tions to the plaintiff with a view of adjusting his rights under the contract.    The first two propositions were rejected by plaintiff, but after some consideration, the plaintiff on the same day wrote a letter to Mr. Barron, accepting the third proposition.    On September 10, the action was brought.    The defendant pleaded *non est factum* with a brief statement alleging that it had been ready to make its payments

then or thereafter to become due during the entire period of the contract, and further alleged that it was ready to perform all the conditions of the modified contract resulting from the third proposition made by defendant to plaintiff and by him accepted, and that at the time the action was brought there had been no breach of any covenant by it to be performed. The case was heard by the presiding Justice of the Superior Court without the intervention of a jury, right of exceptions in matters of law being reserved by both parties. The Justice ruled that there had been a breach of the contract by defendant by removal of its factory to Boston, unless plaintiff assented to the changed condition embraced in the third proposition, and further ruled that there had been a breach by defendant, and that the plaintiff had a right of action, and rendered judgment for the plaintiff in the sum of $2,128.00. To which rulings defendant excepted. Exceptions sustained.

The case is fully stated in the opinion.

*Benjamin L. Berman and Jacob H. Berman,* for plaintiff.

*William H. Newell,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J.  The sealed contract, between the parties, dated June 13, 1921, whereby the defendant agreed to employ the plaintiff as pressman in its Lewiston factory for one year from that date was about September 5th, 1921 as hereinafter appears modified by mutual agreement. The defendant moved its factory to Boston. It paid the plaintiff his wages in full to September 10th and offered to either (1) employ him in Boston for the remainder of the contract term or (2) pay him $600 to cancel the contract or (3) provide work for him in Lewiston in connection with its Boston factory. The plaintiff accepted the third alternative as appears by the following letter.

"Auburn Me. Sept. 5 1921.

DEAR MR. BARRON.

I have decided to stay in Lewiston and do your work that you will send me over. For it is towards winter and I don't see what I can do otherwise. Respectfully yours

ISAAC STACHOWITZ."

On September 10th the day to which he had been paid his wages, the plaintiff brought this suit. It was heard by the Justice of the Superior Court without a jury and judgment ordered for the plaintiff for $2,128.

Conceding that the findings of particular facts are conclusive, the defendant reserves exceptions to two rulings. As the second exception must be sustained it is unnecessary to prolong this opinion by further reference to the first. The second exception is to the following ruling:

"That on the 10th day of September, at the time this action was commenced, there had been a breach of the covenant on the part of the defendant by closing its factory and removing the business to Boston, terminating the plaintiff's employment, for which the plaintiff had a right of action."

This is in part a conclusion of law. Whether given conduct can be legally held a breach of a certain contract, i. e., whether capable of being so held is a question of law. *Connor* v. *Giles*, 76 Maine, 134.

The contract which alone was in force on September 10th was made after and in view of the defendants closing its factory and removal to Boston. It is obviously impossible that there could have been any breach caused by such closing and removing.

The exception must be sustained unless it appears that the error is harmless and that the excepting party must ultimately fail upon the facts admitted to be true. *Orr* v. *Old Town*, 99 Maine, 194. *Hathaway* v. *Crosby*, 17 Maine, 448. This the plaintiff claims.

He urges that the defendant though it had paid the plaintiff his wages to the date of suit, had renounced the contract, repudiated all future liability under it and had thus given the plaintiff a right of action for anticipatory breach as held in *Sutherland* v. *Wyer*, 67 Maine, 64.

But the letter from the defendant's attorney relied upon for the purpose fails to show a repudiation of future liability on the contract. The letter dated September 9 reads—"I find that your client has no grievance at this time since he has been paid for all services rendered and there is nothing due him at this time."

This letter states the situation with precision. The plaintiff had no grievance "at this time," (September 9). There was nothing due the plaintiff "at this time." There was no suggestion of repudia-

tion of the only contract then in existence between the parties, to wit, the contract made by the defendant's offer and the plaintiff's written acceptance of September 5th. The plaintiff had not "been discharged and prevented from the further execution of" the contract as was true in *Sutherland* v. *Wyer*.

At the date of the beginning of the action there was nothing due the plaintiff for services rendered; nothing on the contract of June 13th for that had been superseded by a modified contract, and the modified contract had not been violated or renounced by either party.

*Exception sustained.*